United States Court of Appeals,

Fifth Circuit.

No. 94-60790.

Wendell C. BAKER, Sr., et al., Plaintiffs-Appellants,

v.

Michael PUTNAL, et al., Defendants-Appellees.

Feb. 15, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, SMITH and STEWART, Circuit Judges.

STEWART, Circuit Judge:

This is a civil rights action filed under 42 U.S.C. § 1983 and based on allegations that the defendants deprived plaintiffs of certain constitutional rights in the shooting death of Wendell C. Baker, Jr. Plaintiffs appeal the district court's final judgment granting the defendants' motion to dismiss. Because the district court considered summary judgment evidence, we view its order as one granting summary judgment and conclude that the court erred in finding no genuine issue of material fact as to the claim officer Michael Putnal used excessive force. We affirm as to the remainder of the court's final judgment.

BACKGROUND

Sergeant Michael Putnal, is a police officer for the City of Galveston ("the City"). On March 14, 1992, he was on duty at R.A. Apffel Park in Galveston where a large gathering of people were celebrating spring recess from colleges and universities. While Putnal and his fellow officers patrolled the park and beach area

1

fighting broke out. Two witnesses told Putnal that someone had entered the crowd with a pistol-gripped shotgun.

Minutes later, the officers heard gunfire which sent the crowd scurrying. As Putnal moved to investigate, two people grabbed him and gestured toward a red car which they said contained the shooters. As Putnal approached the car he saw Wendell Baker, Jr., and another man sitting in a truck parked on the beach. As Putnal neared the truck, Baker, Jr., who was sitting in the passenger's seat, turned in Putnal's direction. Putnal shot and killed Baker, Jr. Afterwards, police recovered a Browning automatic .380 caliber pistol under the passenger's seat of the truck.

The parents of Baker, Jr., Wendell C. Baker, Sr., and Zoe A. Baker, and Michelle Sapenter as next friend of Baker, Jr.'s minor son, Ashton D. Baker (collectively "the Bakers") filed this action alleging several civil rights violations under the Constitution and 42 U.S.C. § 1983. Specifically, the Bakers pled that: (1) Putnal violated Baker, Jr.'s Fourth Amendment right to be free from excessive force, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment due process and Equal Protection rights; (2) Putnal's superiors failed to provide Putnal with adequate training and supervision, which led to the deprivation of Baker, Jr.'s constitutional rights; and (3) the City's failure to provide Putnal with adequate training proximately caused the violation of Baker, Jr.'s constitutional rights. The Bakers also brought state law claims, complaining that defendants' acts deprived them of Baker, Jr.'s society and companionship and

2

caused them to sustain both mental anguish and substantial pecuniary loss. Their complaint, in addition to Putnal, named the City of Galveston, Freddie Poor, and Dale P. Rogers as defendants. Poor was chief of the Galveston police department at the time of the shooting. The current chief, Rogers, was then a captain and Chief of Patrol.

The defendants filed a joint motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court permitted discovery limited to the issue of qualified immunity for Putnal and his superiors. After the court denied a motion by the plaintiffs to amend their complaint, the defendants filed separate motions for summary judgment pursuant to Rule 56. Putnal's superiors stated in their motion that they continued to assert the earlier joint motion to dismiss.

The district court granted the dismissal motion while expressly declining to rule on the pending motions for summary judgment. With respect to the Fourth Amendment claim, the court held that the Bakers had failed to satisfy the heightened pleading standard required to overcome qualified immunity. Furthermore, it found that Putnal acted properly and that his training was adequate to the crisis at the park. The court then held that the Bakers had no cognizable action under the Eighth Amendment because Baker, Jr., had not been arrested and had not been convicted, precluding Eighth Amendment punishment analysis. Finally, the court held that Putnal did not deprive Baker, Jr., of his right to life under the Fourteenth Amendment because circumstances justified Putnal's use

3

of deadly force.

As to Putnal's superiors, the court held that they were entitled to qualified immunity because Putnal had not acted improperly, Putnal's training was adequate, and the Bakers had not shown that the superiors' actions or omissions rose to a level of deliberate indifference. The court held that the City of Galveston was liable neither for deliberate indifference nor callous disregard. Furthermore, because Putnal did not violate the Constitution, no wrongdoing could be attributed to the City. Because the court dismissed the Bakers' § 1983 claims, it also dismissed the pendent state law claims without prejudice. The Bakers timely appealed.

DISCUSSION

*Jurisdiction*

Putnal opens his argument by saying that we have no jurisdiction to address the § 1983 claims asserted by plaintiffs on behalf of the estate of Wendell C. Baker, Jr., since the Bakers' notice of appeal does not refer to the estate. Putnal relies on *Colle v. Brazos County, Tex.,* 981 F.2d 237 (5th Cir.1993), in which a panel of this court considered whether jurisdiction obtained over plaintiffs designated by the abbreviation, "et al.," or over only the party specifically named in the notice of appeal.

*Colle* does not apply. Putnal's argument does not concern the omission of a party from the notice of appeal but, rather, the designation of the capacities in which the plaintiffs bring this lawsuit. This court previously has made this distinction and found

4

that a party's failure to designate all of the capacities in which he brings suit does not defeat jurisdiction. *King v. Otasco, Inc.,* 861 F.2d 438, 443 (5th Cir.1988). Accordingly, we do have jurisdiction over the Bakers' claims as representatives of the decedent's estate.

*Standing*

The other defendants—City, Poor, and Rogers—argue that the plaintiffs have no standing under § 1983 to recover for deprivations of "the love, society, comfort, protection, services, and support" of Baker, Jr., since these claims are not constitutionally guaranteed rights. Section 1983, they continue, is not an available remedy for the general violations of tort law. Instead, the right to sue is for personal violations of the plaintiff's constitutional rights. By this reasoning, the district court should have dismissed all claims brought by the Bakers on their own behalf.

The first fallacy in defendants' argument is that the Bakers bring this claim only under § 1983. The Bakers also allege these deprivations under Texas law; and Texas law allows such recovery. *Grandstaff v. City of Borger,* 767 F.2d 161, 172 (5th Cir.1985), *cert. denied,* 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987).

Secondly, defendants are wrong that only the person whose constitutional rights have been violated may bring an action under § 1983. On the contrary, it is the law of this circuit that individuals who are within the class of people entitled to recover under Texas's wrongful death statute have standing to sue under §

5

1983 for their own injuries resulting from the deprivation of decedent's constitutional rights. Tex.Civ.Prac. & Rem.Code Ann. § 71.004 (West 1986); *Rhyne v. Henderson County,* 973 F.2d 386, 391 (5th Cir.1992). The statute clearly recognizes the right of the surviving children and parents of the deceased to bring an action for the benefit of all. Therefore, Baker, Jr.'s parents and minor son are within the class of people entitled to recover.

*Heightened Pleading Standard*

The Bakers argue that the district court erred by applying the heightened pleading standard we enunciated in *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985), in ruling on the motion to dismiss the claims against Putnal and his superiors. They cite the Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) as overruling *Elliott.* Defendants counter that the heightened pleading standard as applied to § 1983 claims against government officials survived *Leatherman,* citing our en banc decision in *Schultea v. Wood,* 47 F.3d 1427 (5th Cir.1995) (en banc).

Defendants are correct that *Leatherman* does not preclude the heightened pleading requirement in actions against individual government defendants:

> [U]nlike various government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983. In short, a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury. We thus have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials.

6

*Leatherman,* 507 U.S. at 166-67, 113 S.Ct. at 1162. It is undisputed that *Leatherman* overruled *Elliott* with respect to § 1983 claims against municipalities, and the district court expressly did not apply the heightened pleading standard to the Bakers' claims against the City of Galveston. Although *Schultea* was decided after the district court's opinion in this case, it does not establish any new law with respect to the applicability of the heightened pleading standard. Rather, it only clarifies where *Leatherman* left this standard with respect to government officials:

> "[T]he Court in *Leatherman* concluded that the heightened pleading requirement of *Elliott* could not be applied in a § 1983 suit against a municipality, reserving the question of whether it might survive in cases against public officials.... We do not abandon the insistence in *Elliott v. Perez* that a complaint must do more than allege conclusions. Rather, we embrace it ..."

*Schultea,* 47 F.3d at 1432, 1434. As the district court noted, this standard requires more than conclusory assertions. It requires claims of specific conduct and actions giving rise to a constitutional violation. Thus, the Bakers must plead more than, as the district court found, "conclusory allegations fail[ing] to set forth specific facts showing that the use of force by Defendant Putnal was excessive to the need and objectively unreasonable."

The Bakers also allege that even if *Leatherman* permits a heightened standard to be maintained for public officials sued as individuals, no heightened standard can be allowed for actions against individual defendants in their official capacities. This is true, and the Supreme Court has explained that official-capacity lawsuits are typically an alternative means of pleading an action

7

against the governmental entity involved, in this case the City of Galveston. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361, 116 L.Ed.2d 301, 309 (1991). Therefore, any claims against Poor and Rogers in their official capacities should be treated as claims against the City.

The Bakers allege that the district court erred in granting the defendants' motion to dismiss by failing to limit its focus to the allegations in the pleadings and consider these same allegations in the light most favorable to them as the nonmoving party. Furthermore, even if the court committed no such error, it did err in not permitting them to amend their complaint before entering the dismissal with prejudice. Their amendment, if allowed, would have corrected any prior deficiencies. We address the request to amend the complaint first.

*The Amendment*

We review a district court's denial of a motion to amend for abuse of discretion. *Whitaker v. City of Houston,* 963 F.2d 831, 836 (5th Cir.1992). Two months after the defendants had filed their motion to dismiss the district court held a scheduling conference during which counsel for the Bakers indicated their desire to amend the complaint. When the court asked what the amendment would add, counsel responded that he could not give a complete answer because discovery was not yet complete but that he did intend to add "a couple of other Texas statutes that we feel would be appropriate and applicable for recovery." The court then stated that it would not "allow any amendments at this juncture"

8

because it wanted to resolve the immunity issue under § 1983 first. The court put off those amendments until it could dispose of the § 1983 issues, likely because the court anticipated dismissing the pendent state law claims along with the civil rights claims. The record relates no other request by the Bakers for leave to amend during the six months between the defendants' filing of their motion to dismiss and the court's order granting the motion. Furthermore, the Bakers have not clued us as to precisely what allegations they would have added to their § 1983 claims had they been given leave to amend. Under these circumstances it cannot be said that the district court denied the Bakers the opportunity to amend their complaint with respect to their civil rights claims, much less that the denial prevented them from satisfying the heightened pleading standard.

*Motion to Dismiss*

The next issue is whether we should review the district court's order granting defendants' motion to dismiss as an order granting summary judgment because the district court failed to accept the allegations of the complaint as true and relied on evidence outside the pleadings in ruling on the motion.

The Bakers contend that the district court improperly made factual findings in ruling on defendants' motion to dismiss. In so doing, the district court considered more than the pleadings, a course reserved for summary judgment. Further the court failed to follow Rule 12(b)(6)'s stricture of accepting all well-pleaded facts as true and viewing the allegations of the complaint in a

9

light favorable to the nonmoving party. Accordingly, the Bakers pray that we vacate the district court's order granting the motion to dismiss and remand this case. The City and Putnal's superiors counter that the district court merely made marginal references to evidence outside the pleadings, but the basis for the dismissal was clearly Rule 12(b)(6). Alternately, they ask that even if we find that the court went beyond the scope of Rule 12(b)(6), that we yet affirm the court's decision as an order granting summary judgment.

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). Also, the court may not look beyond the pleadings in ruling on the motion. *Id.* The district court failed to comply with this standard with respect to defendant Putnal. In their complaint, the Bakers stated that:

> Plaintiffs deny that Wendell C. Baker, Jr., had committed any acts of aggression toward defendant Putnal, but even if Wendell C. Baker, Jr., had possession of, or was holding a pistol, he did not point the pistol in the direction of or towards defendant Putnal.

In reciting the facts of the case, however, the district court stated:

> Defendant Putnal saw the passenger [Wendell C. Baker, Jr.] was holding a blue steel semi-automatic handgun in his right hand and a blue steel magazine in his left hand. The magazine was loaded with bullets.... The passenger then turned in the direction of Defendant Putnal as he simultaneously loaded the magazine into the gun, leveling his gun at Defendant Putnal.

In effect, the trial court adopted portions of the defendants' claims as fact without acknowledging any contradiction with the

10

complaint. Thus, the court failed to accept as true the Bakers' allegation that Baker, Jr., did not point a gun at Putnal. In so doing, the court failed to apply the standards of Rule 12(b)(6). Dismissal under these circumstances was error.

The district court justified its decision on the basis of the heightened pleading requirement of qualified immunity cases:

> This Court is aware of the widely divergent allegations of the facts set forth by the Plaintiffs and the Defendants. This Court will not engage in weighing the facts as it would in a Motion for Summary Judgment. Rather, this Court need only evaluate the legitimate evidence necessary to support qualified immunity.

In its memorandum and order the court called the complaint's allegations conclusory, failing to set forth "specific facts showing that the use of force by Defendant Putnal was excessive to the need and objectively unreasonable." Concerning the dispute as to whether Baker, Jr., had a gun when Putnal approached, the court relied on Putnal's sworn affidavit testimony that Baker, Jr., did, in fact, have a gun. The court discounted the Bakers' assertions as founded upon "vague, unarticulated beliefs about the Decedent's character." Indeed, the court stated that it "found that Defendant Putnal acted properly in the precise circumstances of this case." The court later relied on this "finding" in dismissing the claims against Putnal's superiors and the City. Clearly, these references to material outside the pleadings were not "stray" or "irrelevant" and were hardly marginal.

In *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the Supreme Court said that if the defendant asserts qualified immunity, the complaint should generally not be dismissed

11

for failure to state a claim because the issue of whether immunity applies is a factual question related to the merits. *Id.* at 250, 94 S.Ct. at 1693. Other circuits have held that they will allow a 12(b)(6) motion for dismissal on the grounds of qualified immunity, but only if it is supported by the allegations of the complaint itself. *See Fortner v. Thomas,* 983 F.2d 1024, 1028 (11th Cir.1993); *Green v. Maraio,* 722 F.2d 1013, 1018-19 (2d Cir.1983).

These holdings are consistent with the procedural framework we outlined in *Schultea* for evaluating qualified immunity in a § 1983 case. *Schultea* says that a plaintiff must first "support[ ] his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea,* 47 F.3d at 1434. If the plaintiff meets this standard, the court may then limit discovery to the issue of qualified immunity. *Id.* Subsequently, the court can "determine whether the case can proceed and consider any motions for summary judgment under Rule 56." *Id.* In this case, the district court allowed discovery on the issue of qualified immunity and proceeded to use that evidence to dismiss the case under 12(b)(6).

As stated in Federal Rule of Civil Procedure 12(c), where a district court grants a motion styled as a motion to dismiss but bases its ruling on facts developed outside the pleadings, we review the order as an order granting summary judgment. *Estate of Smith v. Tarrant County Hosp. Dist.,* 691 F.2d 207, 208 (5th Cir.1982); *see also Geiger v. United States,* 707 F.2d 157, 160

12

(5th Cir.1983). We review the granting of summary judgment de novo, applying the same criteria used by the district court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994); *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994); *Dorsett v. Board of Trustees of State Colleges & Universities,* 940 F.2d 121, 123 (5th Cir.1991). First, we consult the applicable law to ascertain the material factual issues. *King v. Chide,* 974 F.2d 653, 655-56 (5th Cir.1992). We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994); *FDIC v. Dawson,* 4 F.3d 1303, 1306 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 2673, 129 L.Ed.2d 809 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

*Summary Judgment as to § 1983 Claims Against Officer Putnal*

In *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), the Supreme Court presented the analytical framework for determining whether a plaintiff's allegations are sufficient to overcome a defendant's defense of qualified immunity asserted in a motion for summary judgment. First, the court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *Id.* at 231, 111 S.Ct. at

13

1792-93. If the plaintiff fails this step, the defendant is entitled to qualified immunity. If she is successful, the issue becomes the objective legal reasonableness of the defendant's conduct under the circumstances. *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Salas v. Carpenter,* 980 F.2d 299, 305-06 (5th Cir.1992). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *See Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

The Bakers assert that Putnal shot and killed Wendell Baker, Jr., without adequate provocation. To support their allegation, they provide the sworn testimony of three witnesses who state that the decedent took no threatening action toward Putnal as the officer approached the truck. Indeed, their affidavits suggest that Baker, Jr., may have barely had an opportunity to see Putnal before Putnal fired his gun. Putnal, on the other hand, tells us that Baker, Jr., was holding a semi-automatic pistol, loaded the pistol with ammunition, and leveled it at him from the passenger's side of the vehicle, thereby justifying deadly force.

There is also a dispute between the accounts of Putnal and the Bakers's witnesses as to whether Putnal said anything to Baker, Jr., before he turned toward Putnal. Whether Putnal ordered Baker, Jr., to "freeze" or to drop the pistol before Baker, Jr., turned toward him and whether Baker, Jr., was even holding the pistol or pointing it at Putnal are certainly issues of fact material to whether Putnal's actions were excessive and objectively reasonable.

14

The only uncontroverted evidence is that there was a good deal of confusion on the beach and that Baker, Jr., at least began to face Putnal from his position in the truck. Chaos on the beach and Baker, Jr.'s mere motion to turn and face Putnal are not compelling reasons to find that Putnal's use of force was not excessive as a matter of law. There are simply too many factual issues to permit the Bakers' § 1983 claims to be disposed of on summary judgment.

We also are concerned with the district court's finding that Putnal acted reasonably given the information from the County of Galveston Medical Examiner's Office, obtained through discovery. According to the report, Baker, Jr., received four gunshot wounds, one to the left arm, one through the right upper back, one through the left flank, and one through the left temple. The nature of the wounds indicate that Baker, Jr., was not facing Putnal when he was shot. The number of shots and the nature of the wounds raise a serious question as to the reasonableness of his conduct, more of a question of fact than a court may dispose of on summary judgment. Therefore, we reverse the district court's order granting summary judgment as to the Bakers' claims asserting Fourth and Fourteenth Amendment due process violations and remand for trial.

Pre-trial detainees may not bring a cause of action based on the Eighth Amendment. *Thibodeaux v. Bordelon,* 740 F.2d 329, 334 (5th Cir.1984). It protects only those who have been convicted. *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1408-09, 51 L.Ed.2d 711 (1977). Inasmuch as Baker, Jr., was not incarcerated at the time of his killing, his representatives have no cognizable

15

action under the Eighth Amendment.  Therefore, the district court's order granting summary judgment on this claim was proper.

As to the alleged Fourteenth Amendment equal protection violation, the Bakers made no assertion to support such a claim. We therefore uphold the granting of summary judgment on this claim.

*Summary Judgment as to Putnal's Superiors*

The Bakers also contend that Putnal's superiors are liable under § 1983 because their failure to provide proper supervision and training of Putnal led to the deprivation of Baker, Jr.'s constitutional rights.  According to the complaint, defendants "Poor and Rogers were responsible for the training of all police officers ... in the use of firearms and in the performance of their duties as police officers."  Putnal's superiors counter that they are entitled to qualified immunity because the Bakers have not asserted a constitutional violation due to inadequate training or supervision.

For a police chief to be held liable under § 1983 there must be some connection between the chief's action and the alleged constitutional violation.  *Hinshaw v. Doffer,* 785 F.2d 1260, 1263 (5th Cir.1986).  The plaintiff must show that:  (1) the police chief failed to supervise or train the officer, (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and (3) such failure to supervise or train amounted to gross negligence or deliberate indifference.  *Id.*

The complaint states, "Defendants Poor and Rogers trained

16

defendant Putnal in the use of firearms in accordance with the statutes, ordinances, regulations, customs, and usages of defendant City and the State of Texas."  The Bakers's own pleading essentially concedes that they cannot satisfy the requirements for holding Chiefs Poor and Rogers liable for Baker, Jr.'s death. Further, the district court, which had considered any evidence proffered by the Bakers in response to the pending motions for summary judgment, found that Putnal's training was adequate with respect to the situation at issue.

The summary judgment evidence does not support the claims of inadequate training or deliberate indifference.  At the time of the incident, Poor was the Chief of Police for Galveston and Rogers was the area incident commander on the day of the Baker, Jr., shooting. The Bakers offer the affidavit of a purported criminal justice expert, James D. Ginger, Jr., as evidence of the alleged inadequacy of the supervision and training provided by Chiefs Poor and Rogers. However, Ginger's statement is more aspersion than evidence.  It forms unsubstantiated conclusions regarding the defendants' role in creating purportedly outdated policy and providing inadequate manpower and supervision for controlling a crisis of the nature that erupted the day of the shooting.  For example, Ginger calls then Captain Rogers's failure to assume command and control on the day of the shooting a proximate cause of Putnal's reaction.  Yet there is no accompanying proof that Rogers knew of the gravity of the situation developing at Apffel Park or could have responded in time, much less evidence of any deliberate indifference overcoming

17

qualified immunity.

Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir.1992). Plaintiffs have failed to show that Poor and Rogers acted in any way to violate Baker, Jr.'s constitutional rights; we therefore affirm the district court's judgment that the Bakers did not overcome defendants' Poor and Rogers's defense of qualified immunity.

*Summary Judgment as to the City of Galveston*

Finally, the Bakers contend that the City is liable under § 1983 because Baker, Jr.'s death was "proximately caused by reason of the carelessness, negligence, and gross negligence and/or recklessness of defendant City, its agents, employees, and police employees." To support this proposition, the complaint lists fourteen acts or omission by the City, most of which involve the City's alleged failure to provide its officers, in general, and Putnal, in particular, with adequate training. The City only argues that the Bakers have failed to state a claim and, so, only addresses the facts alleged in the pleadings. We must go further in the context of summary judgment review.

Municipalities are not vicariously liable for the actions of their employees under § 1983. Municipal liability inures only when the execution of a local government's policy or custom causes the injury. *Monell v. New York City Dep't of Social Serv.,* 436 U.S.

18

658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611, 638 (1978). In order to hold a municipality liable under § 1983 for its employees' acts, a plaintiff must show that a policy of hiring or training caused those acts. Such a showing requires proof that (1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury. *City of Canton v. Harris,* 489 U.S. 378, 385-87, 109 S.Ct. 1197, 1205-07, 103 L.Ed.2d 412, 424-26 (1989); *Benavides v. County of Wilson,* 955 F.2d 968, 972 (5th Cir.1992). Where the alleged policy is one of inadequate police training, the plaintiff can only satisfy the first element of municipal liability if the failure to train satisfies the "deliberate indifference" standard that applies to supervisor liability. *Benavides,* 955 F.2d at 972.

On summary judgment, plaintiffs did not meet their burden. Their only evidence as to policy, again, comes from the Ginger affidavit, and it is no more damaging to the City, despite the absence of a qualified immunity defense, than it is to defendants Poor and Rogers.

The Bakers did not raise the issue of the dismissal of their state law claims on appeal, so we do not address it now.

CONCLUSION

For the foregoing reasons, we REVERSE the district court's order dismissing the claims against Putnal and REMAND for further

19

proceedings consistent with this opinion.  We AFFIRM as to the remaining defendants.  We order each party to bear its own costs on this appeal.