**Steve McCLINTON, Plaintiff,**

v.

**DELTA PRIDE CATFISH, INC. and Pendleton Detectives Of Mississippi, Inc., Defendants.**

**No. 4:96CV333–B–B.**

United States District Court,
N.D. Mississippi,
Greenville Division.

Sept. 29, 1997.

Glenn H. Williams, Shelby, MS, for Plaintiff.

Robert S. Addison, Edward Coleman Taylor, Daniel, Coker, Horton & Bell, Jackson, MS, for Defendant Delta Pride Catfish, Inc.

James R. Moore, Jr., Copeland, Cook, Taylor & Bush, Jackson, MS, for Defendant Pendleton Detectives of Mississippi, Inc.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the defendants' motion to dismiss for lack of subject-matter jurisdiction. The plaintiff has failed to file a memorandum in response, but rather has filed a letter stating that he will allow the court to make its decision based upon the pleadings and the existing Fifth Circuit law. Upon due consideration of the defendants' memorandum and exhibits, and of the applicable law, the court is ready to rule.

## FACTS

The plaintiff had been an employee of the defendant Delta Pride Catfish ("Delta Pride") for six years when he was arrested in May of 1995 for grand larceny. Prior to the plaintiff's arrest, Delta Pride had hired the defendant Pendleton Detectives of Mississippi ("Pendleton") to conduct an undercover investigation into the perceived theft of catfish at its processing plant in Indianola, Mississippi. According to the plaintiff's complaint, Delta Pride and Pendleton conveyed certain information to Investigator Moore of the Indianola Police Department, who at some unknown and/or unspecified point in time joined the investigation. The defendants, allegedly acting in concert with Moore, informed Chief Winter of the Indianola Police Department that the plaintiff was involved in a conspiracy with two others to steal catfish from Delta Pride. Chief Winter subsequently signed criminal affidavits alleging grand larceny against the plaintiff, who was arrested and incarcerated in May of 1995.

When the Sunflower County grand jury met in December of 1995, neither Investigator Moore nor any representative of the defendants appeared to testify against the plaintiff. With no prosecuting witness, Chief Winter declined to present the case to the grand jury. The plaintiff asserts that the charges have been abandoned. On November 22, 1996, the plaintiff filed suit against Delta Pride and Pendleton under 42 U.S.C. §§ 1983 and 1988 for violation of due process under the Fourteenth Amendment and violation of the right to be free from unreasonable search and seizure under the Fourth Amendment. The plaintiff's complaint further asserts various state law claims. The defendants have moved to dismiss the federal claims on the grounds that the plaintiff has failed to allege any state action by which to hold the defendants liable for a constitutional violation.

## LAW

Motions to dismiss for lack of subject-matter jurisdiction are brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In considering a motion under Rule 12(b)(1), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401–1402 (5th Cir.1996).

"By its terms, § 1983 requires that the person accused of injuring another be acting under state statute, ordinance, regulation, custom, or usage, which has been shortened into the term 'under color of state law.'" *Bullock v. Resolution Trust Corp.*, 918 F.Supp. 1001, 1013 (S.D.Miss.1995). For the challenged activity to be actionable under § 1983, the court must determine that "there is a sufficiently close nexus between the state and the challenged action ... so that the action ... may fairly be treated as that of the state itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477, 484 (1974). There are generally three ways in which the acts of a private party may be sufficiently intertwined with state power so as to give rise to a constitutional claim against the private party. First, a federal cause of action will exist

against a private party where a sufficiently close nexus exists between regulations imposed by a state and the alleged wrongful activities of the regulated entity, so that the action of the latter may be fairly attributable to the state. *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2785–2786, 73 L.Ed.2d 534, 546 (1982); *Grossling v. Ford Mem'l Hosp.,* 614 F.Supp. 1051, 1057 (E.D.Tex. 1985). Second, a plaintiff may establish a federal cause of action against a private party by showing that the state exercised coercive power or provided significant overt or covert encouragement to induce the challenged private action. *Blum,* 457 U.S. at 1004, 102 S.Ct. at 2785–2786, 73 L.Ed.2d at 546; *Grossling,* 614 F.Supp. at 1057. Mere approval of or acquiescence in the private activity is insufficient to prove state involvement. *Blum,* 457 U.S. at 1004–1005, 102 S.Ct. at 2785–2786, 73 L.Ed.2d at 547; *Grossling,* 614 F.Supp. at 1057. Third, a federal cause of action may arise where the private entity exercises powers that are traditionally the exclusive prerogative of the state. *Blum,* 457 U.S. at 1005, 102 S.Ct. at 2786, 73 L.Ed.2d at 547; *Grossling,* 614 F.Supp. at 1057–1058.

■ On their face, the defendants are private parties whose actions are not considered to be under color of state law. The plaintiff has failed to allege facts which, if true, would show that there existed a sufficiently close nexus between the defendants and the state such that the defendants' actions could be considered that of the state itself. The alleged facts show that the defendant Delta Pride suspected that it was the victim of criminal activity and hired the defendant Pendleton to conduct a private investigation. Upon completing the investigation, Delta Pride and Pendleton turned over the information they had discovered to the local law enforcement officials. The court, finding no state action from which to hold the defendants liable, finds that the plaintiff's § 1983 claim should be dismissed.

The plaintiff further asserts a cause of action under § 1988, which provides for attorney's fees to the prevailing party in an action to enforce a provision of § 1983 or certain other federal statutes. Since the court finds no state action to support the plaintiff's § 1983 claim, the plaintiff's claim for attorney's fees under § 1988 is without any foundation and should likewise be dismissed.

All other claims asserted by the plaintiff are brought pursuant to state law, and therefore are not properly before this court in the absence of any viable federal claim. The district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C.A. § 1367(c)(3) (West 1993). For this reason, the court finds that the remainder of the plaintiff's claims should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the court finds that the defendants' motion to dismiss should be granted. An order will issue accordingly.