IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 96-20785
Summary Calendar
_____


DONALD ALAN FRIDDELL,

                              Plaintiff-Appellant,

versus

RANDY GATEWOOD, Officer; STEVE BORGEO, Officer; JOHNNY
KLEVENHAGEN; HARRIS COUNTY TEXAS; EL FRANCO LEE, Commissioner;
JIM FONTENO, Commissioner; STEVE RADACK, Commissioner;
JERRY EVERSOLE, Commissioner; ROBERT ECKELS, Commissioner;
INTERNAL REVENUE SERVICE; J.R. KOPIDLANSKY, IRS Director;
BILLY K. MARTIN, IRS Agent; KEN FREELOW, IRS Agent; STAN
TRUEHART, IRS Agent; RON OLIVER, IRS Agent; RAGINA ORTIGO,
IRS Agent; ROBERT SIMPSON, IRS Agent; ROSYLYN MAZE, IRS Agent;
ED HARDIN, IRS Agent; VERA ARSOLA, IRS Agent; TRACEY E. WARREN,
IRS Agent,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-4739)
_____
April 7, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Donald Alan Friddell appeals the district court's dismissal of
and entry of summary judgment against him on his claims against
Harris County, employees of the Harris County Sheriff's Department,
and Harris County Commissioners brought pursuant to 42 U.S.C. §

---

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

1983, and his claims against the IRS and various IRS agents, which we construe as being brought pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). After careful review of the record and those arguments raised on appeal, we affirm for substantially the same reasons stated by the district court. <u>See</u> <u>Friddell v. Gatewood</u>, CA-H-95-4739 (S.D. Tex. April 11, 1996, and June 20, 1996).

With respect to his claims against the IRS, it is well settled that a plaintiff may not bring a <u>Bivens</u> action for damages against a federal agency. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 483-86 (1994). Likewise, because a suit against a government official in his official capacity is actually a suit against the governmental agency, <u>see</u> <u>Baker v. Putnal</u>, 75 F.3d 190, 195 (5th Cir. 1996), the district court properly dismissed Friddell's claims against the IRS agents in their official capacity. The district court also properly dismissed Friddell's claims against Harris County and the Harris County defendants in their official capacity because Friddell offered no evidence as to a policy or custom on behalf of Harris County. <u>See</u> <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978); <u>Baker</u>, 75 F.3d at 195. With respect to Friddell's claims against the Harris County defendants and the IRS agents in their individual capacities, the district court properly granted summary judgment on qualified immunity grounds because Friddell has not alleged a constitutional violation. To the extent that Friddell argues that the search was defective

because he was not given a copy of the affidavit upon which the warrant was based, the federal rules require only that the warrant be served. See Fed. R. Crim. P. 41(d). To the extent that Friddell claims that he was improperly required to turn over his private mail, the government had obtained a separate warrant to search his post office box. To the extent that Friddell argues that the search warrant was obtained under "false statements and misrepresentations," Friddell has completely failed to substantiate this allegation with any offer of proof beyond his own conclusory statements. Such conclusory allegations are insufficient to survive summary judgment. See Franks v. Delaware, 438 U.S. 154, 171 (1978). Finally, we have reviewed Friddell's remaining arguments on appeal and find them to be entirely without merit.

For these reasons and for substantially the same reasons set forth by the district court in its orders dated April 11, 1996, and June 20, 1996, we affirm the decision of the district court.

All pending motions are DENIED.

AFFIRMED; MOTIONS DENIED.