IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31328
Summary Calendar
_____

HENDERSON FORD,

Plaintiff-Appellant,

versus

STEPHEN TROYER, d/b/a/ Troyer Enterprises

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-890-G
- - - - - - - - - -
August 3, 1998
Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Henderson Ford appeals the dismissal of his complaint pursuant to Fed. R. Civ. P. 12(b)(1) against Troyer Enterprises. Ford alleged that Troyer violated the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201, et seq., because from December 1995 to January 30, 1997, Troyer failed to pay him overtime and to keep adequate records. The district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluded that Ford's claims were res judicata in view of a prior suit by the Secretary of Labor against Troyer.

Ford argues that he should not be barred from receiving overtime compensation due to him based on the prior litigation because the prior suit did not name him specifically. He asserts that the district court should have accepted as true his allegation in his complaint that he worked for Troyer from December 1995 to January 1997 and that he was not paid overtime compensation during that time. He asserts that the Secretary of Labor informed him that he was not covered by the time period of the prior litigation.

When reviewing a dismissal pursuant to Fed. R. Civ. P. 12(b), this court accepts as true all the allegations of the complaint, considering them in the light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). This court upholds the dismissal only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Home Capital Collateral, Inc. v. F.D.I.C., 96 F.3d 760, 764 (5th Cir. 1996).

The Secretary of Labor may bring suits for unpaid minimum wages and overtime compensation under 29 U.S.C. § 216(c) and for injunctive relief under 29 U.S.C. § 217. Donovan v. University of Texas at El Paso, 643 F.2d 1201 (5th Cir. 1981) 1204. Section 216 allows the Secretary to recover back wages and liquidated damages on behalf of employees specifically named in the

complaint.  Id.  Once the Secretary files suit, the claims of all employees who had not already initiated private actions are consolidated.  Id. at 1207; see § 216(b).  The right of an affected employee to commence or become a party plaintiff in a private action terminates unless the Secretary moves to dismiss the action without prejudice.  Id.; see § 216(c) (West Supp. 1998).  Previously filed private ligation by employees is not affected.  Id.  Section 216(c) further provides that an action is considered commenced for § 216 purposes vis-a-vis an individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff, or if his name did not appear in the complaint, on the subsequent date on which his name is added as a party plaintiff.  (West Supp. 1998).  Section 217 allows the Secretary "to seek broad injunctive relief as well as back wages for all affected employees without any requirement that they be specifically named in the complaint."  643 F.2d at 1204.

Troyer did not furnish the district court with a copy of the complaint filed by the Secretary.  Therefore, whether the Secretary named Ford as an employee entitled to collect for unpaid overtime cannot be determined.  Moreover, Ford alleged in the district court that he was unaware of the Secretary's litigation and that the time period covered by the Secretary's suit did not include him.  This court must accept Ford's allegations as true.  Baker, 75 F.3d at 196.  Because whether

Ford is entitled to relief cannot be determined on the basis of the pleadings alone, the district court's dismissal under Rule 12(b) was an abuse of discretion.

Accordingly, the district court's order of dismissal is VACATED and the case is REMANDED to the district court for further proceedings. Troyer's motion for sanctions against Ford for filing the instant complaint is DENIED.