IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20222
Summary Calendar
_____

DANIEL RAY JOHNSON; JACKIE HINKLE;
LARANCE YARBROUGH; CLIFFORD WEST;
WILLIAM E. BURNETT, ANDREW BONNETTE,

                                        Plaintiffs-Appellants,

versus

M.B. THALER, Senior Warden; GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; WAYNE SCOTT, EXECUTIVE
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-116
--------------------

November 12, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Texas inmates Daniel Johnson (#274157), Jackie Hinkle
(#434763), Clifford West (#593943), William Burnett (#594640),
Larance Yarbrough (#542277), and Andrew Bonnette (#701904) appeal
the summary-judgment dismissal of their civil rights complaint.

    We review the grant of summary judgment de novo, and we
consider the "evidence and inferences to be drawn therefrom in

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the light most favorable to the non-moving party." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992)(internal quotation and citation omitted). Summary judgment is proper if the pleadings, discovery, and affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The district court did not err in dismissing the appellants' claims of excessive noise on the ground that the allegations did not establish a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)(conditions of confinement which do not lead to deprivations of essential food, medical care, or sanitation do not amount to an Eighth Amendment violation); *Lacy v. Collins*, No. 95-20033 (5th Cir. Aug. 8, 1995)(inmate's claim of excessive noise does not rise to the level of an Eighth Amendment violation)(unpublished). The violation of prison rules does not establish a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Because the appellants' allegations concerning the excessive noise do not state an Eighth Amendment violation, they cannot show a causal connection between the alleged failure to train or supervise prison employees and a constitutional violation. *See Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).

The appellants' allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983. *See Parker v. Smith*, No. 93-5542 (5th Cir. May 6, 1994)(unpublished) (citing *Rhodes*, 452 U.S. at 347-48).

Appellant Burnett's allegations do not establish that but for the retaliatory motive, he would not have been transferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, the district court did not err in dismissing the appellants' complaint.

The motion for expedited appeal is dismissed as moot. The request for a protective order is denied.

AFFIRMED; MOTIONS DENIED.