IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60595
Summary Calendar

_____

DEIDRA MCMILLAN; JAMES D. MCMILLAN; NIKKI MCMILLAN;
GACIEN MCMILLAN; ANTHONY MCMILLAN; DAMERON MCMILLAN;
BRIAN MCMILLAN; LYNDEZ MCMILLAN; LULA TRUSSELL;
BIANCA K. WILLIAMS; KIARA T. WILLIAMS, Minor children
by and through their mother and next friend, Lula Trussell,

Plaintiffs-Appellants,

versus

JACKSON COUNTY BOARD OF SUPERVISORS, ET AL.,

Defendants,

JACKSON COUNTY BOARD OF SUPERVISORS, in their official
capacity as the supervising authority for the Jackson County
Sheriff's Department Drug Task Force; PETE POPE, Sheriff of
Jackson County, Mississippi, individually and in his official
capacity as the Sheriff of Jackson County, Mississippi;
KENNITH MCCLENIC, JR.; RICHARD RADER; CRAIG DOUGLAS; JAMES
SEARS, also known as Mick Sears; DEAN REITER; GLEN GREENE,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:97-CV-430-GR
---------------------
April 6, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs seek reversal of the district court's summary

judgment dismissing their federal claims under 42 U.S.C. § 1983

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and the district court's decision to decline to exercise supplemental jurisdction over the plaintiffs' Mississippi state law claims. The § 1983 claims were brought against the officers in their official capacities, with the exception of Sheriff Pope, who was sued in both his individual and official capacities. Thus, the suit against the officers in their official capacities is in reality a suit against Jackson County. See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996). Therefore, the plaintiffs must demonstrate that their injuries were caused by inadequate training procedures or policies adopted by the county with deliberate indifference to public safety. See Benavides v. County of Wilson, 955 F.2d 968, 972 (5th Cir. 1992). The plaintiffs have failed to do so. The defendants put on evidence that they had received proper training in accordance with Mississippi law, and the plaintiffs failed to point to any facts or evidence showing that such training was insufficient to deal with the situations which the officers would regularly face. See id. at 972-73.

The plaintiffs' conclusionary statements that they will be able to demonstrate deliberate indifference at trial are insufficient to overcome the defendants' motion for summary judgment. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990). For the same reason, the plaintiffs have failed to demonstrate that Sheriff Pope is individually liable for failing to train or supervise the officers properly. Accordingly, we affirm the district court's judgment dismissing the § 1983 claims against Jackson County and

Sheriff Pope.

With respect to the plaintiffs' state law claims, the district court declined to exercise supplemental jurisdiction over those claims. Although the district court addressed the state claims on their merits out of an abundance of caution, the district court's memorandum opinion and final judgment make clear that the dismissal was based on supplemental jurisdiction rather than the merits. The plaintiffs, however, do not address whether the district court abused its discretion in declining to exercise jurisdiction. Rather, they ask this court to "place jurisdiction back in the hands" of the district court. They then proceed to address the merits of the state law claims "in the event" that this court reinstates the state law claims, asserting no basis for this court to review the district court's refusal to exercise supplemental jurisdiction.

The plaintiffs' failure to brief the jurisdictional issue constitutes an abandonment of that issue on appeal. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). Therefore, we do not need to reach the merits of the state law claims; therefore, we affirm the judgment of the district court declining to exercise supplemental jurisdiction over the state law claims and dismissing those claims without prejudice.

AFFIRMED.