IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40853
Summary Calender
_____

CURTIS RAY WOLF

                                        Plaintiff-Appellant

v.

NIVIA S ENGLISH, Correctional Officer, Bradshaw State
Jail; JACK KYLE, Assistant Warden, Bradshaw State Jail;
MANAGEMENT TRAINING CORP (MTC); TEXAS COMMISSION ON
JAIL STANDARDS

                                        Defendants-Appellees

_____

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:99-CV-187
_____

April 28, 2000

Before KING, Chief Judge, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

      Plaintiff-Appellant Curtis Ray Wolf, Texas prisoner #783386,

appeals from the judgment of the district court dismissing his

complaint with prejudice.  We AFFIRM.

      Wolf brought this 42 U.S.C. § 1983 action against

Defendants-Appellees Nivia English, Jack Kyle, Management

_____

      [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Training Corporation, and the Texas Commission on Jail Standards (collectively, the "Appellees"), alleging that English, as a correctional officer at Bradshaw State Jail, violated his civil rights by denying him access to the courts. His complaint alleged that the remaining Appellees were liable because they failed to adequately train and supervise English. Wolf was granted permission to proceed in forma pauperis, and the matter was referred to a United States Magistrate Judge. The magistrate judge found that Wolf's original complaint was conclusory and vague. Rather than dismiss the case, the magistrate judge ordered Wolfe to file an amended complaint. Wolf complied.

Wolf's complaints state that he had been assisting a number of fellow inmates on various legal matters. He claims that on December 14, 1998, he asked English to bring him some boxes that contained legal documents connected to this work. In his amended complaint, Wolf explained that the papers actually belonged to other inmates, and that, at the time of the incident, he was not pursuing any claims of his own. Wolf alleges that English returned with a portion, but not all, of the requested documents. Wolf contends that English took or destroyed the remaining documents. Wolf argues that English's actions violated his civil rights by denying him access to the courts.

The magistrate judge found that Wolf's right of access to the courts was not violated because the missing documents belonged to other inmates. As a result, the magistrate judge recommended that Wolf's claims be dismissed pursuant to 28 U.S.C.

2

§§ 1915(e)(2)(B)(i) and (ii).[1]  Wolf subsequently entered objections to the magistrate judge's recommendations.  The district court, however, overruled these objections, adopted the magistrate's report, and entered judgment dismissing Wolf's complaint.

We review a dismissal pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion.  See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998) (per curiam).  Dismissal pursuant to § 1915(e)(2)(B)(ii) is reviewed de novo.  See id.  Upon review of the record, we find that the district court neither erred nor abused its discretion.

On appeal, Wolf first argues that his "constitutional right to a jury trial" was violated because he never consented to having his case tried before a magistrate judge.  This argument misses the mark.  Wolf's case was not tried before a magistrate judge.  Rather, the magistrate judge made a report and recommendation to the district judge, who reviewed the matter de novo prior to entering judgment.

We agree with the district court that Wolf fails to state a non-frivolous claim.  Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)).

---

[1] Under 28 U.S.C. § 1915(e)(2)(B)(i), a complaint brought in forma pauperis may be dismissed if the claim is frivolous or malicious.  Under § 1915(e)(2)(B)(ii), the court may dismiss an in forma pauperis complaint if it fails to state a claim on which relief may be granted.

This right includes the right to prepare and transmit necessary legal documents to a court.  See Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).  However, a prisoner asserting a denial-of-access claim must show that the action complained of resulted in actual injury, i.e., that the action somehow "hindered [the prisoner's] efforts to pursue a legal claim."  Lewis, 518 U.S. at 351.

Wolf cannot demonstrate that his civil rights were violated as a result of English's actions.[2]  While the loss of the legal documents may have affected the prisoners to whom the documents belonged, the loss did not impair Wolf's ability to pursue a legal claim of his own.[3]  Any denial-of-access claims arising from English's actions must be brought by the prisoners whose documents were lost, not Wolf.

The district court did not err in finding that Wolf's

---

[2]  Wolf's amended complaint also alleged that he suffered emotional distress and defamation of character as a result of English's actions.  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  Baker v. McCollan, 443 U.S. 137, 146 (1979).  Wolf does not have a constitutional right to be free from defamation and emotional distress, and therefore he can not assert a claim for such damages under § 1983.  See Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999) (noting that defamation "is not a constitutional tort"); Shinn v. College Station Indep. Sch. Dist., 96 F.3d 783, 786 (5th Cir. 1996) (per curiam) (stating that "[t]here is no constitutional right to be free from emotional distress").

[3]  In his brief, Wolf claims that he "could have presented evidence" demonstrating that he was denied access to the courts. He fails, however, to either state the nature of this evidence or set forth any specific facts supporting his claim.  Such a conclusory allegation, standing alone, is insufficient to support a claim.  See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

4

complaint fails to state a claim, nor did it abuse its discretion in finding the complaint frivolous.  Therefore, we AFFIRM.