# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-50240
Summary Calendar
Civil Docket #MO-99-CV-19

_____

WAYLON D. GRIFFIN, Ph.D.,

Plaintiff-Appellant,

versus

CHARLES SORBER, President, University of Texas at the
Permian Basin; GARY KLINE, Member, University of Texas
System Board of Regents; BERNARD RAPOPORT, Member,
University of Texas System Board of Regents;
THOMAS O. HICKS, Member, University of Texas
System Board of Regents; MARTHA SMILEY, Member,
University of Texas System Board of Regents;
RITA C. CLEMENTS, Member, University of Texas System
Board of Regents; DONALD L. EVANS, Member,
University of Texas System Board of Regents;
ZAN W. HOLMES, JR., Member, University of Texas
System Board of Regents; LOWELL H. LEBERMANN, JR.,
Member, University of Texas System Board of Regents;
TOM LOEFFLER, Honorable, Member, University of Texas
System Board of Regents; ELLEN C. TEMPLE, Member,
University of Texas System Board of Regents;
PATRICK C. OXFORD, Member, University of Texas
System Board of Regents; A. W. RITER, Member,
University of Texas System Board of Regents;
A. R. SANCHEZ, JR., Member, University of Texas
System Board of Regents; WOODY L. HUNT, Member,
University of Texas System Board of Regents;
CHARLES MILLER, Member, University of Texas
System Board of Regents; RAUL R. ROMERO, Member,
University of Texas System Board of Regents,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

January 5, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Professor Griffin challenged the action of University of Texas Permian Basin's President and the University of Texas Board of Regents in firing him for conduct that the authorities' deemed violative of the University sex harassment policies. The district court dismissed his § 1983 claims under Rule 12(b)(6) and granted summary judgment on his interference with contract claims. Professor Griffin's appeal raises only his claims for violations of procedural and substantive due process and retaliation for exercising his right of free speech. While summary judgment rather than dismissal on the pleadings was the more appropriate vehicle to address the procedural posture of the case, we affirm the judgment for the defendants.

Where a district court relies on matters outside the pleadings in ordering a Rule 12(b)(6) dismissal, this court can and does review the case <u>de novo</u> as if a summary judgment had been granted. See Fed. Rule Civ. Proc. 12(c); <u>Baker v. Putnal</u>, 75 F.3d 190, 197 (5th Cir. 1996). That is what the trial court did here, where a fully developed summary judgment motion and Professor Griffin's response were before it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This procedural quibble aside, we find no reversible error in the court's rulings on the three above-noted issues.  In particular, Professor Griffin received sufficient procedural due process notwithstanding that the Regents' decision went against the recommendation of a mere reprimand by the University of Texas Permian Basin faculty hearing committee.  Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970); Levitt v. University of El Paso, 759 F.2d 1224 (5th Cir. 1985), cert. denied 474 U.S. 1034 (1985).  Professor Griffin knew the charges against him and had ample opportunity to respond.

Second, there is no evidence to support the claim that the appellees' actions were so arbitrary as to violate Griffin's substantive due process rights.  Regents of the University of Michigan v. Ewing, 474 U.S. 214 (1985).  This is not a matter of pleading, as Griffin suggests, but a wholesale failure of proof on his part.[1]

Third, the district court did not err in concluding that Professor Griffin's "Love Policy" memo, written in 1992, did not in its content, form and context, involve a matter of public concern but was primarily written as a University of Texas Permian Basin-employee on an internal matter.  Connick v. Myers, 461 U.S. 138

---

[1]    Because Griffin's constitutional rights were not violated, it follows that he had no official-capacity claims for injunctive relief against the appellees.

(1983).  The memo did not give rise to protectable First Amendment rights.

The judgment of the district court is **AFFIRMED**.