# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11121

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2014

Lyle W. Cayce
Clerk

BRYAN K. CHISOLM,

Plaintiff-Appellant

v.

DESOTO POLICE DEPARTMENT; W. TILLMAN, Detective; LIEUTENANT M. SHARP; COMMANDER OF DESOTO JAIL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-5025

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bryan K. Chisolm, Texas prisoner # 1740218, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. This IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11121

The district court correctly concluded that Chisolm could not raise a claim of malicious prosecution under § 1983 and that he was required to present a claim based on the rights secured by the Constitution. *See Castellano v. Fragozo*, 352 F.3d 939, 942, 953-54 (5th Cir. 2003) (en banc). Although Chisolm asserts that he is not raising a false arrest claim under the Fourth Amendment, he also contends that he had a right not to be arrested in the absence of probable cause. To the extent that this constitutes a challenge to the district court's consideration of a false arrest claim, Chisolm has failed to show that the defendants, a police department and various officers, could be liable for such an arrest because of the issuance of arrest warrants by independent magistrates. *See Murray v. Earle*, 405 F.3d 278, 292 (5th Cir. 2005).

Chisolm's conclusional allegations that the City of DeSoto and the police department failed to train officers on proper wiretapping procedures are insufficient to show the existence of a policy or custom that resulted in the violation of Chisolm's constitutional rights. *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996). Although Chisolm also asserted the applicability of the "single incident exception" to municipal liability, he has not shown that a policymaker committed an unconstitutional act that would then be attributable to the municipality. *See Bell v. Wolfish*, 441 U.S. 520, 556-57 (1979); *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).

The district court concluded that Chisolm's state law claims against both the individual and municipal defendants were barred by the Texas Tort Claims Act. Chisolm asserts that the district court should not consider such allegations because they were raised in motions to dismiss filed before the removal of Chisolm's civil rights complaint to federal court. The defendants

2

presented the same allegations in their motion for summary judgment, which was properly before the district court for consideration. Because Chisolm raised claims against the City of DeSoto and the DeSoto Police Department, the district court properly dismissed the claims against the individual defendants. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e). Additionally, because Chisolm's claim of malicious prosecution alleged an intentional tort, the Texas Tort Claims Act did not waive immunity on behalf of the governmental units. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2). Although Chisolm complains that the district court should have considered the validity of his state law claims in light of the constitutional violations he suffered, he has not presented a separate state law authority waiving immunity for such allegations.

Because Chisolm did not show a "genuine dispute as to any material fact," the district court properly granted summary judgment in favor of the defendants. FED. R. CIV. P. 56(a). He has not established that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Chisolm is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.