IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11504
Summary Calendar

_____

TROY EDWARD HOLT,

Plaintiff-Appellant,

versus

SHERRI McKELVEY, and
BRAD CASAL,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:98-CV-39
- - - - - - - - - -

July 12, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Troy Holt, Texas prisoner # 625235, proceeding in forma pauperis (IFP) on appeal, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Sherri McKelvey, the chief of unit classification at the Roach prison unit, and Brad Casal, the warden at Roach. Holt suffers from asthma and is restricted from exposure to environmental pollutants, chemicals, and irritants. On October 30, 1996, Holt was assigned to work on the garden squad. In his complaint Holt alleged that the defendants treated

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his serious medical condition with deliberate indifference, because they assigned him to a work detail that violated his medical restrictions. The district court dismissed Holt's complaint as frivolous and failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997(c).

On appeal, Holt contends that the district court abused its discretion when it dismissed his complaint. He contends that his assignment to work on the garden squad exposed him to chemically-sprayed cotton, dust, pollen, and cold, damp weather, all of which exacerbated his asthma. Holt further contends that the defendants were aware of Holt's work restrictions, but insisted that he work on the garden squad nonetheless.

An IFP complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or fact and such a dismissal is reviewed for abuse of discretion. *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). This court reviews a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) using the same de novo standard as dismissals under Fed. R. Civ. P. 12(b)(6). *Id.* at 275. This court reviews a dismissal under 42 U.S.C. § 1997e(c)(1) de novo. *Id.*

The district court erred when it dismissed Holt's complaint as frivolous and for failure to state a claim as to Holt's allegation that prison officials put him on a work detail which they knew would significantly aggravate his asthma. *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). In its dismissal,

the district court went beyond the pleadings and resolved disputed factual issues based on evidence submitted by the defendants rather than confining its inquiry to whether the facts pleaded by Holt, when accepted as true and viewed in the light most favorable to Holt, stated a claim upon which relief may be granted. *See Barker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1082 (5th Cir. 1991). Moreover, Holt's complaint does have an arguable basis in law and fact. Whether reviewing Holt's claim de novo or for abuse of discretion, Holt's complaint should not be dismissed at this stage.

The district court did not abuse its discretion, however, when it determined that Holt did not state a claim based on exposure to cold, damp weather. Holt did not allege any restriction against such exposure. Nor did he allege that the defendants were aware of any such restriction. Because Holt has failed to state a claim with regard to his exposure to cold, wet weather, that part of the district court's dismissal is AFFIRMED.

Accordingly, the decision of the district court is AFFIRMED in part and VACATED and the case REMANDED in part to the district court for further proceedings.

AFFIRM IN PART; VACATE AND REMAND IN PART.