IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40717
Conference Calendar
_____


BRISON KEITH HUMPHREY,

Plaintiff-Appellant,

versus

DOMINGO CARRILLO; RICHARD CRITES, Captain;
D. BLACKWELL, Captain; GABRIEL D. PACHECO,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-463
--------------------

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Brison Keith Humphrey, Texas prisoner # 582721, appeals the dismissal of his civil rights action under 42 U.S.C. § 1983 as frivolous. Humphrey's allegation that disciplinary charges were brought against him because of his race is conclusional and will not support a claim under § 1983. Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Humphrey has not alleged a violation of his due process rights in the disciplinary hearing because he does not have a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protectable liberty interest in his custodial classification Sandin v. Conner, 515 U.S. 472, 485 (1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Humphrey has not shown that prison officials subjected him to cruel and unusual punishment by placing him in administrative segregation because he has epilepsy.  Humphrey's assertion that the openings in the doors in administrative segregation are not large enough to allow a guard to see if he is having a seizure does not raise an inference of an excessive risk to his safety. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Humphrey's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Accordingly, Humphrey's motion for preliminary injunction is DENIED.

Humphrey had one verified strike, Humphrey v. Torres, No. 2:98cv399 (S.D. Tex. Dec. 11, 1998)(unpublished).  Because of the district court's dismissal as frivolous of the original action and this court's dismissal as frivolous of the appeal, Humphrey has now acquired two more strikes.  He may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.