**James T. HENRISE, Plaintiff,**

v.

**John D. HORVATH, et al., Defendants.**

**No. CIVA 3:97–CV–2472–L.**

United States District Court,
N.D. Texas,
Dallas Division.

April 21, 2000.

Douglas R. Larson, Law Office of Douglas R. Larson, Mesquite, TX, Russell Howard Daniels, Law Office of Russell Howard Daniels, Dallas, TX, for plaintiff.

Joe C. Tooley, Tooley & Voss, Dallas, TX, for John D. Horvath, defendant.

Edwin A.P. Voss, Joe C. Tooley, Tooley & Voss, Dallas, TX, for Clarence V. Johns, Warren (NMN) Box, robin Flores, City of DeSoto, Tex.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court is Defendant City of DeSoto's Motion and Brief to Dismiss, filed January 15, 1998, and Plaintiff Henrise's Response to Defendant DeSoto's Motion to Dismiss, filed February 4, 1998. After careful consideration of the motion and response, the court, at this time, denies Defendant's motion without prejudice to it being re-urged after Plaintiff has repleaded in accordance with this order.

### I. *Factual and Procedural Background*

Plaintiff James Henrise ("Plaintiff" or "Henrise") initiated this litigation against Defendant City of DeSoto ("DeSoto" or "Defendant") and four individuals on October 7, 1997, pursuant to 42 U.S.C. § 1983. Henrise filed his First Amended Complaint on October 30, 1997. Plaintiff contends that as a result of the acts and omissions of all Defendants, he has been retaliated against in violation of the First and Fourteenth Amendments to the United States Constitution. DeSoto filed a motion to dismiss Plaintiff's First Amend-

ed Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

DeSoto contends that the allegations against it in Plaintiff's First Amended Complaint ("Complaint") are broad and conclusory allegations and are therefore insufficient to withstand a motion to dismiss. In essence, DeSoto contends that Plaintiff's Complaint is deficient because it does not put DeSoto on fair notice as to the claim involved or why Plaintiff is entitled to relief. For this reason, DeSoto contends that the allegations set forth in Plaintiff's Complaint fail to state a claim upon which relief can be granted.

Plaintiff contends that his Complaint satisfies the requirements of Fed.R.Civ.P. 8(a)(2) in that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff requests the court to deny the motion to dismiss or, in the alternative, allow him an opportunity to amend his Complaint.

## II. *Rule 12(b)(6) Standard*

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.* The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with

every doubt resolved in favor of the plaintiff. *Lowrey.* 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

## III. *Analysis*

To resolve the issue presented by this motion, the court first cites the relevant authority under which a local government can be held liable pursuant to 42 U.S.C.1983. A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Commissioners of Bryan County v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A governmental entity cannot be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id. See also Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir.1979).

In light of Rule 8 and *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), Plaintiff is correct, insofar as the argument goes, that DeSoto is entitled only to "a short and plain statement that the pleader is entitled to relief." Plaintiff, however, jumps off the train before it reaches the depot. The "short and plain statement" must contain facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Requiring a plaintiff to identify the specific policy or custom and allege that the policy or custom adopted by the municipality or policymaking official was the "moving force" behind the constitutional violation is in no way inconsistent with

notice pleading or the mandate of *Leatherman*. Such requirement actually complements Rule 8 in that it puts a defendant on notice of the grounds on which a plaintiff's claim rests. In other words, the allegations of a complaint must not be conclusory; otherwise, a defendant is not placed on notice of the grounds for the claim. Conclusory allegations cannot survive a motion to dismiss. *See Guidry*, 954 F.2d at 281.

The court believes that language from two Fifth Circuit cases decided after *Leatherman* are illustrative and controlling: *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162 (5th Cir.1997), and *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir.1996). In *Spiller*, the court stated:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.' *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). To satisfy the cause in fact requirement, a plaintiff must allege that 'the custom or policy served as the moving force behind the [constitutional] violation' at issue. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir.1996), or that her injuries resulted from the execution of the official policy or custom, *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir.1992). The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller*, 130 F.3d at 167. Embodying this same principle and requirement with respect to pleading a cause of action regarding municipal policy or custom, but stated somewhat differently, the court in *Meadowbriar* stated:

> To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation. (citation omitted)

*Meadowbriar*, 81 F.3d at 532–33.

■ The court has reviewed Plaintiff's Complaint in detail and finds that it does not contain these basic and fundamental allegations to put DeSoto on notice as to the bases for its claims regarding municipal policy or custom.

With respect to references to a policy or custom of DeSoto, Plaintiff's Complaint contains the following:

5. At all times relevant hereto, Defendant John D. Horvath (hereinafter 'Horvath') was the Chief of Police for the DeSoto Police Department. In that capacity, Horvath acted under the color of the law and established policy for the internal operations of the DeSoto Police Department, including police personnel decisions. If Horvath was not the 'official' policymaker, by custom the DeSoto Chief of Police is deemed the *de facto* policymaker. Horvath is sued in his individual capacity.

. . . . .

24. The City of DeSoto, by custom, permits the Chief of Police to be the final policymaker with respect to internal police matters, including personnel actions taken by the Chief or his subordinates against officers such as Henrise. This is evidenced by the City's failure to act on Henrise's complaints lodged against Horvath and the other individual Defendants. The actions taken against Henrise and the treatment of Henrise by Horvath and/or subsequent police chiefs therefore represents the official policy of DeSoto.

. . . . .

28. Pursuant to the First and Fourteenth Amendments, and procedurally pursuant to 42 U.S.C. § 1983, Plaintiff

sues the City of DeSoto for the actions of its policymaker, and for knowingly permitting the individual Defendants to retaliate against, threaten, punish, and intimidate Plaintiff. The City was on actual notice of this conduct, and failed to prevent it from occurring and recurring.

See Plaintiff's First Amended Complaint at ¶¶ 5, 24, 28.

Plaintiff's Complaint does not meet the basic requirements for pleading municipal liability under Section 1983 as set forth in *Spiller* and *Meadowbriar*. The court concludes that the allegations in Plaintiff's Complaint are conclusory, including the reference to Defendant Horvath as a policymaker, and as such fail to state a claim upon which relief can be granted.

Plaintiff states that he has not pleaded "his best case with respect to DeSoto." Plaintiff's Response at p. 4. Plaintiff will get his chance to do so because, rather than dismiss his Complaint, the court will permit Plaintiff to amend his Complaint in accordance with this order. In this regard, Plaintiff is strongly admonished to ride his best pony in the race, as he will not get another chance to race against DeSoto.

## IV. *Conclusion*

DeSoto's Motion to Dismiss is **denied** without prejudice. Plaintiff shall amend within 20 days of the date of this order. If Plaintiff fails to amend as set forth herein, his Complaint will be dismissed against the City of DeSoto. If Plaintiff amends his Complaint, DeSoto may re-urge its motion to dismiss if it believes that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.