**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 99-60607**
**Summary Calendar**
**Civil Action No. 97-CV-640**

---

**JARRED DAVIS**

**Plaintiff,**

**v.**

**MCHANNA & ASSOCIATES, INC.**

**Defendant-Third-Party Plaintiff-Appellant,**

**v.**

**NEWTON REGIONAL HOSPITAL**

**Third-Party Defendant-Appellee.**

---

**Appeal from the United States District Court for the**
**Northern District of Texas**

---

July 5, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

McHanna & Associates, Inc. ("McHanna") appeals from the district court's grant of summary judgment to the third-party defendant, Newton Regional Hospital ("Newton"). McHanna impleaded Newton on claims of negligent misrepresentation and breach of the implied duty of good faith and fair dealing in a contract under which McHanna assumed management of Newton's cardiopulmonary department. McHanna was first sued by a respiratory technician for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

violation of the Fair Labor Standards Act, and McHanna asserted that Newton never informed McHanna of an investigation by the U.S. Department of Labor on compensation of respiratory technicians during the parties' contract negotiations. Like the trial court, however, we see no genuine issue of material fact and therefore affirm.

Although the district court did not expressly or impliedly exhibit an intent to enter a partial final judgment under Rule 54(b), we still have jurisdiction over this appeal. The fact that the district court dismissed the case as to all parties after McHanna filed its notice of appeal cures any jurisdictional defect. See Fed. R. Civ. P. 54(b); Sandidge v. Salen Offshore Drilling Co., 764 F.2d 252, 255 (5th Cir. 1985).

This court reviews the granting of summary judgment de novo and applies the same criteria as the district court. See Baker v. Putnal, 75 F.3d 190, 197 (5th Cir. 1996). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986); see also Fed. R. Civ. P. 56(c).

In order to establish negligent misrepresentation under Mississippi law, McHanna must show, inter alia, a misrepresentation or omission of a material fact and reasonable reliance on that misrepresentation. See Stonecipher v. Kornhaus, 623 So.2d 955, 964

(Miss. 1993). The record shows that McHanna did not learn about the Labor Department's investigation of Newton until after the Management Contract was in place. McHanna contends that Newton's failure to disclose the federal investigation during the contract negotiations is a "nondisclosure" amounting to a misrepresentation. Under Mississippi law, silence gives rise to a claim of nondisclosure if the silent party (1) has a legal duty to communicate material facts to the other party, or (2) has knowledge of a change in facts or circumstances previously represented. See Guastella v. Wardell, 198 So.2d 227, 230 (Miss. 1967). Under the terms of the contract, McHanna did not assume any of Newton's past liabilities, and McHanna was responsible for paying its employees in accordance with all applicable regulations. Thus, the investigation into Newton's possible liability for Wage and Hour violations was not material to the negotiations. In addition, Newton did not make any representation about the Labor Department's investigation prior to entering the contract with McHanna. Therefore, Newton's nondisclosure of the investigation does not constitute a misrepresentation.

Furthermore, the record shows that McHanna did not rely on representations made by Newton to determine McHanna's method of compensation. Candy McCarver ("McCarver"), a co-owner of McHanna, testified that she relied, at least in part, on her experience in healthcare management to determine the payment method for McHanna's employees. McCarver also consulted with McHanna's bookkeeper, a representative from the Meridian Wage and Hour office, and a

3

certified public accountant to determine whether McHanna's payment methods were appropriate. After consulting these various resources, McHanna implemented a payment method that was different from the method used by Newton.[1] For all these reasons, McHanna's negligent misrepresentation claim fails.

McHanna also cannot establish that Newton breached an implied duty of good faith and fair dealing with respect to the Management Contract. Under the terms of the contract, McHanna is an independent contractor. The people hired by McHanna to work at Newton Regional Hospital are employees of McHanna, not Newton. The contract further provides that McHanna is responsible for complying with all regulations promulgated by any federal or state regulatory agency and that McHanna's employees cannot bring a claim against Newton for salary, wages, or any other employee fringe benefit. Since the express terms of the contract do not impose any duty on Newton with respect to the payment of McHanna's employees, McHanna cannot prove that Newton breached its implied duty of good faith and fair dealing in its performance or enforcement of the contract. See UHS-Qualicare v. Gulf Coast Community Hosp., 525 So.2d 746, 757 n.8 (Miss. 1987).[2]

---

[1] Even if McHanna relied on an alleged representation by Newton concerning employee compensation, such reliance was unreasonable since every person has a duty to know the law and ignorance of the law is no excuse. See Quinn v. Mississippi State Univ., 720 So.2d 843, 850 (Miss. 1998).

[2] On appeal, McHanna has failed to brief its original claim that Newton breached the express terms of the contract. This issue is, therefore, waived. See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993)(issues not briefed on appeal are waived).

4

For these reasons, the district court's grant of summary judgment to Newton is affirmed.

**AFFIRMED.**