IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31387
Summary Calendar
_____

THEODORE LAMONICA,

                                        Plaintiff-Appellant,

versus

ROBERT TANNER, Medical Warden, Washington Correctional
Institute; KATHY MCGINNIS, Medical Supervisor, Washington
Correctional Institute; ED C. DAY, JR., Warden of Washington
Correctional Institute; J. ARSHAD, Dr.; QUYEN TRAN, Dr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-2819-B)
--------------------
July 3, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Theodore Lamonica ("Lamonica"), Louisiana prisoner # 306848, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Lamonica sued officials of the Washington Correctional Institute alleging that he was denied his Eighth Amendment right to adequate medical care because prison doctors altered the protocol under which he was being treated for ruptured spinal discs and because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was required to perform labor for a period of time that allegedly exacerbated his condition.

The district court based its ruling in part on facts developed outside the pleadings, in particular Lamonica's prison grievance records. We therefore review the dismissal under a summary-judgment standard. Baker v. Putnal, 75 F.3d 190, 197 (5th Cir. 1996).

The district court did not err in entering judgment for defendants Dr. Jameela Arshad and Dr. Quyen Tran. Although Lamonica disagreed with the doctors' treatment decisions, his disagreement does not give rise to a claim of a constitutional deprivation. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Further, the fact that the doctors' treatment, which was based on their own examinations of Lamonica, differed from the recommendations made by non-prison physicians does not demonstrate that the prison physicians were deliberately indifferent to Lamonica's needs. Cf. Lawson v. Dallas County, 286 F.3d 257, 262–63 (5th Cir. 2001) (prison officials who disregarded "mandatory" and "medically necessary" orders of outside physicians were deliberately indifferent to inmate's medical needs).

Neither did the district court err in entering judgment for defendants Kathleen McGinnis, Robert Tanner, and Ed C. Day, Jr. Lamonica's factual allegations and record evidence were not sufficient to demonstrate that these defendants were personally involved in the alleged deprivation or that there was a causal

2

connection between their actions and the alleged deprivation, absent which they could not be liable to Lamonica under 42 U.S.C. § 1983.  See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).  Further, even if these defendants were personally involved, their responses to Lamonica's complaints concerning his medical treatment were based on the recommendations of Lamonica's treating physicians and therefore were not objectively unreasonable. AFFIRMED.