**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**
**January 30, 2004**
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10361
Summary Calendar

_____

MAURICE GREER,

Plaintiff-Appellant,

versus

JON E. LITSCHER, Secretary 07 Wisconsin Department
of Corrections; BILLY J. WORKS, Sheriff Comanche County
Jail; VERNON REID, Comanche County Jail Administrator;
RONALD HALCOMB, Comanche Police Department Officer;
ELDA MCDONALD, Assistant Jail Administrator; MARK
MCDONALD, Deputy; JOHN JOHNSON, Deputy; BRETT LUBBOTT,
Deputy;  JAMES MCCLAMMY, Deputy; DON JACKSON, Jailer,
Comanche County, Texas,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-00232-Y
---------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Maurice Greer, Wisconsin prisoner # 280377, appeals the

district court's order granting the defendants' motion for

summary judgment based on qualified immunity and dismissing his

42 U.S.C. § 1983 suit.  Greer argues that:  (1) summary judgment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was improper because genuine issues of material fact exist regarding the underlying events and (2) the district court abused its discretion by denying his: (a) motion for sanctions; (b) motion to compel discovery; (c) motion for appointment of counsel; and (d) motion to amend the complaint.

We review de novo the granting of a motion for summary judgment predicated on qualified immunity. See Correa v. Fischer, 982 F.2d 931, 932 (5th Cir. 1993). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Amburgey v. Corhart Refractories Corp. Inc., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56(c). Government officers are protected from suit under the qualified-immunity doctrine when their actions were objectively reasonable "in light of clearly established law." Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Our review of the videotapes of the underlying incident reveals that the force used by the defendants was "applied in a good-faith effort to maintain or restore discipline," and that it was not applied "maliciously and sadistically to cause harm." See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Consequently, Greer's excessive-force claim is without merit. Greer's deliberate indifference to medical needs claim is likewise without merit. See Farmer v. Brennan, 511 U.S. 825, 837, 847

(1994). The videotapes reveal that Greer showed no signs of any medical need, much less serious medical need, after the events that took place in his cell. Moreover, to the extent that he argues that the defendants interfered with his medical treatment for his subsequent mental breakdown, the medical evidence in the record belies his claim. Finally, Greer did not provide any evidence to refute the information contained in the defendants' affidavits with regard to the conditions in the separation cell. Greer's conclusional allegation regarding the veracity of those affidavits is insufficient to support a § 1983 claim. See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996). Because Greer failed to state specific facts showing the existence of a genuine issue for trial, see FED. R. CIV. P. 56(e), summary judgment was proper.

The district court did not abuse its discretion in denying Greer's motion for sanctions. See Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 484 (5th Cir. 2002). A review of the incident reports prepared by the defendants after the events in question reveals that they are consistent with the summary judgment affidavits.

The discovery sought by Greer did not relate to any defendant's claim of qualified immunity. Therefore, the district court did not abuse its discretion by denying Greer's motion to compel discovery. See Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).

Greer has not shown that the district court abused its discretion in denying his motion for appointment of counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). The claims raised by Greer are not complex and the law governing them is well-established. See, e.g., Hudson, 503 U.S. at 6-7. Additionally, Greer was able to adequately advance his claims both below and on appeal. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Finally, Greer argues that the district court abused its discretion when it denied his motion to amend the complaint to add an additional defendant. The district court based its denial on Greer's inability to provide an address sufficient to effect service on the defendant he sought to add. Greer has not shown that the district court abused its discretion by denying his motion. See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994).

In light of the foregoing, the district court's judgment is AFFIRMED.