United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2004

Charles R. Fulbruge III
Clerk

REVISED JUNE 17, 2004
**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-50146
Summary Calendar

MICHAEL WAYNE HARRIS,

Plaintiff-Appellant,

versus

JANIE COCKRELL, Director, Texas Department of Criminal Justice,
Institutional Division; ET AL.

Defendants,

MONTE SMITH, also known as W. Smith, Dr.; JOHNNIE SMITH, also
known as FNU Smith, LVN; HOWARD BENNET, also known as FNU Bennet
P.A., also known as Howard Bennett; BILL WILLIAMS, JR., also
known as FNU Williams, RN,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(W-02-CV-46)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellees' unopposed amended motion to correct misidentifications in our 5 January 2004 opinion is **GRANTED**; this opinion is substituted for that opinion in order to correct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant's misidentification of two Appellees: Dr. Monte Smith and Johnnie Smith, L.V.N.

Michael Wayne Harris, Texas prisoner # 782758, proceeding *pro se*, appeals the summary judgment for defendants, resulting in the dismissal of his 42 U.S.C. § 1983 action. He claims defendants were deliberately indifferent to his serious medical needs.

Harris has shown that the district court erred in dismissing Harris' claims against nurses Johnnie Smith and Howard Bennett. Harris' allegations that he went to the infirmary on Monday, 8 October 2001, and was repeatedly denied treatment by nurses Smith and Bennett stated a claim of deliberate indifference, were not factually frivolous, and created a genuine issue of material fact precluding summary judgment. *Denton v. Hernandez*, 504 U.S. 25, 31-34 (1992); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); FED. R. CIV. P. 56(c).

The district court also erred in dismissing Harris' claim against nurse Bill Williams. Harris alleged that, on 9 October, he returned to the infirmary; and that nurse Williams observed him vomiting blood. At the *Spears* hearing, Harris alleged that he also had bloody stools. Harris testified that, despite the fact that he was vomiting blood and had bloody stools, nurse Williams kept him in the infirmary overnight and provided him with only a trash can in which to vomit. Essentially, Harris has alleged delay in his medical care for a serious medical need, gastrointestinal bleeding.

His allegations, viewed in the light most favorable to him, are sufficient to state a claim of deliberate indifference. These allegations are neither delusional nor fantastic. Thus, the district court erred in dismissing the claim against nurse Williams for failure to state a claim and as frivolous. Lastly, these allegations created a genuine issue of material fact precluding summary judgment.

On the other hand, the district court did not err in dismissing the claim against Dr. Monte Smith. Harris made no specific allegations in support of his assertion that Dr. Smith failed to supervise properly. He also failed to allege that Dr. Smith was personally involved in his medical treatment. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990); *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).

That part of the judgment dismissing the claim against Dr. Monte Smith is **AFFIRMED**; that part of the judgment dismissing the above-described claims against nurses Johnnie Smith, Howard Bennett, and Bill Williams is **VACATED**; and this action is **REMANDED** for further proceedings consistent with this opinion.

*AFFIRMED IN PART; VACATED IN PART; AND REMANDED.*