**Sandy MEADOWS, et al.**

v.

**Bob ODOM, et al.**

**No. CIV.A. 03–960–B.**

United States District Court,
M.D. Louisiana.

Feb. 9, 2005.

Clark Neily, William H. Mellor, Institute for Justice, Washington, DC, Scott D. Wilson, Scott D. Wilson, APLC, Baton Rouge, LA, Michael R. Fontham, Stone, Pigman, Walther, Wittmann, LLC, New Orleans, LA, for Plaintiffs.

David S. McFadden, C. James Gelpi, Clark A. Richard, Gelpi and Associates, New Orleans, LA, for Defendants.

### RULING

POLOZOLA, Chief Judge.

The defendants' have filed a motion to dismiss [1] pursuant to Rule 12(b)(6) seeking dismissal of plaintiffs' Fourteenth Amendment equal protection and privileges or immunities claims. The Court previously ordered [2] that the defendants' motion to dismiss plaintiffs' equal protection claim be treated as a motion for summary judgment. Thus, plaintiffs' privileges or immunities claim is the only claim at issue on this pending motion to dismiss. [3] For reasons which follow, defendants' motion to dismiss is granted, and plaintiffs' privileges or immunities claim is dismissed with prejudice.

### I. Factual Background

The main issue involved in this suit is whether the State of Louisiana has the right to regulate the Louisiana retail florist industry by requiring a licensing examination for retail florists to be administered by the Louisiana Horticulture Commission.

In order for an individual to engage in the profession of retail floristry commercially in Louisiana, one is required to have a license or permit for that profession or occupation or to become engaged with an employer, employee, or supervisor who has the required license or permit. [4] The law also requires at least one licensed retail florist employee at any retail florist business establishment. [5] Retail florists are re-

---

1. Rec. Doc. No. 31.

2. Rec. Doc. No. 70

3. The Court will issue a separate opinion on plaintiffs' claims based on equal protection and substantive due process.

4. *See,* La. R.S. 3:24, §§ 3:3804(C) and (D), 3809.

5. *See,* La. R.S. § 3:3802(B)(2).

quired to pass an examination consisting of both a written and a practical portion.

The plaintiffs in this lawsuit are applicants who have failed, in whole or in part, the retail floral examination. Plaintiffs challenge whether the State of Louisiana has the constitutional power and authority to require that retail florists be subject to any regulation whatsoever. While plaintiffs are critical of both the written and practical portions of the examination, they do not challenge on constitutional or other grounds the fairness of the examination, or the manner in which the test is administered. In other words, plaintiffs do not challenge the content or manner in which the test is administered. The plaintiffs do challenge the right and authority of the State of Louisiana to regulate the florist business. Plaintiffs argue that the very existence of the State's licensing examination violates substantive due process, the equal protection clause, and the Privileges or Immunities Clause of Fourteenth Amendment to the United States Constitution. Plaintiffs claim that every United States citizen has the constitutional right to work in the occupation of their choice, "free from arbitrary or unreasonable government interference." [6]

The defendants' strenuously oppose plaintiffs' allegations and argue that the state of Louisiana does indeed have the constitutional power and authority to regulate this business. Specifically, defendants contend that the decision rendered by the United States Supreme Court in 1873 in the *Slaughter–House Cases* bar plaintiffs' claim that the state's regulation of the florist business violates the Privileges or Immunities Clause. Although the plaintiffs wish to have this Court disregard the *Slaughter–House Cases*, it is clear as noted by the defendants that this decision has never been overruled. It is equally clear that the main thrust of the *Slaughter–House* decision is that the Privileges or Immunities Clause protects rights of national citizenship, not state citizenship. Since the plaintiffs do not claim any rights of national citizenship are implicated in the plaintiffs' allegations regarding the Louisiana regulation of the floral retail industry, defendants argue that the Court should follow and is bound by the *Slaughter–House* decision.[7]

## II. Law & Analysis

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

The defendants have moved to dismiss plaintiffs' privileges or immunities claim under Rule 12(b)(6), alleging that plaintiffs have failed to state a claim upon which relief may be granted.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is viewed with disfavor and is rarely granted.[8] A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[9] In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[10] In ruling on

---

**6.** *See,* Plaintiff's Response to Defendants' Motion to Dismiss, Rec. Doc. No. 33, p. 1.

**7.** *See,* Defendants' Motion to Dismiss, p. 4.

**8.** *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997).

**9.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

**10.** *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996).

such a motion, the Court cannot look beyond the face of the pleadings.[11] The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.[12] A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal.[13]

Dismissal is warranted if a plaintiff has (1) been given the opportunity to plead his best case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state a claim.[14]

Normally, consideration of a 12(b)(6) motion focuses solely on the allegations in the complaint. However, introduction of matters of public record and entertainment of oral argument is permissible.[15] Furthermore, in deciding a Rule 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.[16] "When deciding a Rule 12(b)(6) motion, the Court will not consider matters outside the pleadings, except those matters of which the Court takes judicial notice."[17]

## B. The Applicability of the *Slaughter House Cases* decision

The *Slaughter–House Cases*[18] came about as a result of an 1869 Louisiana law granting a monopoly on the slaughtering of cattle in the New Orleans area to the Crescent City Company. Groups of butchers argued that by creating an exclusive monopoly, the Louisiana Legislature denied the butchers their fundamental right to labor at a common profession, thereby abridging their privileges or immunities as citizens of the United States.[19]

The United States Supreme Court rendered a decision upholding the state legislation. Justice Miller, writing for the majority, concluded that the Fourteenth Amendment creates distinct citizenships, state and national, each conferring its own set of rights, and that the Privileges or Immunities Clause protects only rights of national citizenship.[20] The Court rejected the argument that the privileges and im-

---

**11.** *Baker,* 75 F.3d at 196; *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999), *rehearing denied,* 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000).

**12.** *Lowrey,* 117 F.3d at 247.

**13.** *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

**14.** *See Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir.1986) (recognizing that dismissal is required if a plaintiff has had fair opportunity to make his case, but has failed); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 246 (5th Cir.1985) (assuming that the specific allegations of the amended complaint constitute the plaintiff's best case).

**15.** *Louisiana ex rel. Guste v. United States,* 656 F.Supp. 1310, 1314 n. 6 (W.D.La.1986), *aff'd,* 832 F.2d 935 (5th Cir.1987), *cert. denied,* 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988) *citing* 5B Wright & Miller, Federal Practice and Procedure, §§ 1357 n. 41 and 1364, n. 24–43.

**16.** *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.), *cert. denied,* 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122(1994).

**17.** *Cousin v. Small,* 2001 WL 617455 (E.D.La. 2001) *referring to* Fed.R.Civ.P. 12(b); Fed R. Evid. 201; *see also, Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *In re Ford Motor Co. Bronco II Prods. Liab. Litig.,* 909 F.Supp. 400, 403 (E.D.La.1995) ("[T]he Court may take judicial notice of matters of public record."); *Chadwick v. Layrisson,* 1999 WL 717628, at *2 (E.D.La. Sept.13, 1999) (same).

**18.** 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872).

**19.** *Id.*

**20.** *Id.,* at 75, 16 Wall. 36

munities of citizens of a state, which included the right to "pursue and obtain happiness and safety, subject, nevertheless, to such restraints as the government may prescribe for the general good of the whole,"[21] were transferred by the Fourteenth Amendment from state protection to federal protection. Thus, the Supreme Court made clear that the Privileges or Immunities Clause of the Fourteenth Amendment to the U.S. Constitution does not protect state rights of citizenship, but only federal rights of citizenship.

The United States Fifth Circuit has recognized and followed this holding, stating as follows:

> Since the *Slaughter House Cases*, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1900), the reach of the privileges and immunities clause has been narrow. The clause protects only uniquely federal rights to interstate travel, the right to enter federal lands, or the rights of a citizen while in federal custody. *See generally* J. Nowak, R. Rotunda, and J. Young, *Constitutional Law* 414 (2d ed.1983).[22]

The United States Seventh Circuit has noted that,

> Not since the *Slaughter–House Cases*, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872), has it been seriously maintained that the fourteenth amendment curtails the states' power to restrict competition in business—if they choose, by establishing and limiting systems of occupational licensure. **The *Slaughter–House Cases*, dispatch any argument that the privileges and immunities clause entitled persons to conduct business free of regulation** (there, of exclusion, for the state set up a monopoly).[23]

While many legal scholars and lower courts may have criticized portions of the *Slaughter–House* opinion, it is equally clear that the *Slaughter–House* decision has never been overruled, and remains a binding precedent which this Court is bound to follow.

In their opposition to the motion presently before the Court, the plaintiffs submitted the following argument:

> The history and text of the Fourteenth Amendment show that its framers intended that the right to earn a living would be protected primarily by the Privileges or Immunities Clause. But that expectation was "thwarted by the Supreme Court's ahistorical and widely-criticized decision in the *Slaughter–House Cases*, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872)." ...
>
> First, there is wide agreement among knowledgeable people that *Slaughter–House* was wrongly decided insofar as it reduced the Privileges or Immunities Clause to a practical nullity. *See, e.g., Saenz v. Roe*, 526 U.S. 489, 523, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999)(Thomas, J., dissenting)...[24]

Plaintiffs' arguments are without merit and are not supported by the binding precedents this Court is bound to follow.

Plaintiffs' reliance on a lone comment in a dissenting opinion which criticized the *Slaughter–House* ruling to support their argument that this Court should reject *Slaughter–House* is totally frivolous. Furthermore, the *Saenz v. Roe*[25] case relied

---

21. *Id.* (Citation omitted).

22. *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 760 (5th Cir.1987).

23. *Marusic Liquors, Inc. v. Daley*, 55 F.3d 258, 260 (7th Cir.1995). (Emphasis added).

24. Plaintiffs' Response to Defendants' Motion to Dismiss, Rec. Doc. No. 33, pp. 5–6.

25. 526 U.S. 489, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999).

on by plaintiffs does not support their argument, and this argument was rejected by the Tenth Circuit Court of Appeals in *Powers v. Harris.*[26] In *Powers,* Internet casket sellers filed this suit challenging an Oklahoma law requiring all casket sellers to be licensed funeral directors. The plaintiffs in *Powers* relied on an argument similar to that relied on by the plaintiffs in the case at bar. The *Powers* plaintiffs, relying on *Saenz v. Roe,* contended that the Oklahoma law violated the Privileges or Immunities Clause of the Fourteenth Amendment because the law violated their right to earn an honest living as permitted by the Privileges and Immunities Clause. The Tenth Circuit agreed with the district court, finding that there was no merit to plaintiffs' argument, stating:

> Despite Plaintiffs' protestations, **Saenz does not mark a sea change in long-standing constitutional jurisprudence.... To the extent that Plaintiffs argue that we should overrule the Slaughter–House Cases, 83 U.S. (16 Wall.)36, 21 L.Ed. 394 (1872), it is enough to remind Plaintiffs that "*it is [the Supreme] Court's prerogative alone to overrule one of its precedents.*"** *State Oil Co. v. Khan,* 522 U.S. 3, 20 118 S.Ct. 275, 139 L.Ed.2d 199 (1997); *but see Saenz,* 526 U.S. at 521, 119 S.Ct. 1518 (Thomas, J., dissenting) (urging the Court to reconsider its privileges-and-immunities jurisprudence).[27]

The Court agrees with the Tenth Circuit that the *Saenz* opinion does not overrule the *Slaughter–House Cases.* The *Saenz* case involved a constitutional challenge to a California statute which imposed a durational residency requirement before an individual became eligible for welfare bene-

fits. The statute limited new residents, for the first year they lived in California, to the benefits they would have received in the state of their prior residence.[28] Thus, the true issues in *Saenz* were the "right to travel," and whether new citizens were entitled to the same privileges and immunities as other citizens of the same state.[29]

The Court struck down the statute, stating as follows:

> Because this case involves discrimination against citizens who have completed their interstate travel, the State's argument that its welfare scheme affects the right to travel only "incidentally" is beside the point. Were we concerned solely with actual deterrence to migration, we might be persuaded that a partial withholding of benefits constitutes a lesser incursion on the right to travel than an outright denial of all benefits. *See Dunn v. Blumstein,* 405 U.S. 330, 339, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). But since the right to travel embraces the citizen's right to be treated equally in her new State of residence, the discriminatory classification is itself a penalty.[30]

The Court concluded that, "[c]itizens of the United States, whether rich or poor, have the right to choose to be citizens 'of the State wherein they reside.' ... The States, however, do not have any right to select their citizens." [31]

The holding of *Saenz* in no way invalidates the *Slaughter–House* decision. Thus, the Court concludes that the Privileges or Immunities Clause does not bar the State of Louisiana from regulating the occupation of retail floristry in Louisiana.

---

**26.** 379 F.3d 1208 (10th Cir.2004).

**27.** *Powers,* 379 F.3d at 1214. (Emphasis added).

**28.** *Saenz,* 526 U.S. at 489, 119 S.Ct. at 1519.

**29.** *Id.,* at 502, 119 S.Ct. at 1526.

**30.** *Id.,* at 504–05, 119 S.Ct. at 1527.

**31.** *Id.,* at 510–11, 119 S.Ct. at 1530.

Plaintiffs' claim based on the Privileges or Immunities Clause is dismissed.

## III. Conclusion

For the reasons set forth above, defendants' motion to dismiss plaintiffs' privileges or immunities claim is GRANTED.